UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | CR. NO.: 3:02-548-CMC |
| ) | |
| v. ) | |
| ) | **OPINION and ORDER** |
| Christopher Toby Hayes, ) | |
| ) | |
| Defendant, ) | |
| _____) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of both his trial and appellate counsel. The Government has moved for summary judgment, and Defendant has responded in opposition. For the reasons set forth below, the court **denies** Defendant's motion for summary judgment, **grants** the Government's motion for summary judgment, and dismisses Defendant's § 2255 motion with prejudice.

**BACKGROUND**

In July 2002, Defendant, together with over thirty co-defendants, was indicted by a federal grand jury for participating in a conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[1]

Defendant proceeded to trial in March 2003, and was found guilty on May 2, 2003. On March 10, 2004, Defendant was sentenced to life in prison. Defendant appealed his conviction and sentence. In a consolidated appeal, the Fourth Circuit Court of Appeals determined that error committed by this court under *Booker v. United States*, 543 U.S. 220 (2005), was not harmless, and vacated Defendant's sentence and remanded to this court for resentencing.

---

[1] The original indictment was superseded three times to add charges relating to other defendants. However, the charges against Defendant Hayes did not change.

1

On July 22, 2008, Defendant appeared for resentencing. After due consideration of the Sentencing Guidelines and other factors under 18 U.S.C. § 3553, Defendant was sentenced to 360 months' imprisonment. Defendant thereafter appealed, and on November 13, 2009, the Fourth Circuit affirmed Defendant's sentence. *United States v. Hayes*, 351 F. App'x 811 (4th Cir. 2009).

Defendant filed this motion for relief on March 22, 2011, contending that he received ineffective assistance of both trial and appellate counsel.

### INEFFECTIVE ASSISTANCE OF COUNSEL

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily

dismissable for a lack of prejudice. *Id*. at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983); *see also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751); *see also Smith v. South Carolina*, *supra*, 882 F.2d at 899 (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id*. at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

**DISCUSSION**

Defendant makes several assertions relating to the alleged ineffectiveness of trial counsel. Specifically, Defendant contends that counsel was ineffective in failing to challenge certain "illegal grand jury proceedings" in relation to the return of the indictment by the grand jury; in failing to challenge the sealing of the indictment; in not challenging the alleged failure to return the indictment in open court; in proceeding under an alleged conflict of interest; in failing to challenge the Government's alleged prosecutorial misconduct; in failing to "properly prepare" for sentencing; and in allegedly failing to advise Defendant that he could plead "straight up." Defendant also contends counsel who represented him at resentencing allegedly failed to properly argue for a lesser sentence to address "unwarranted sentencing disparities . . . ." *See generally* Mot. for Relief and Mem. Supp. Mot. for Relief (ECF No. 3408 & 3408-3, filed Mar. 22, 2011).

As to appellate counsel, Defendant maintains counsel was ineffective in failing to raise these same issues on appeal. *Id*.

Defendant's arguments in support of his motion for summary judgment and in opposition to the Government's summary judgment motion simply restate the material presented in his initial filing.

For the reasons stated by the Government in support of its motion for summary judgment, with which this court agrees and adopts as its findings, Defendant is not entitled to relief. Defendant presents inapplicable and conclusory arguments in support of his contention that he is entitled to relief. These arguments are, in some instances, legally frivolous and in others, without merit.

**CONCLUSION**

For the reasons noted above, the Defendant's motion for summary judgment is **denied**. The

Government's motion for summary judgment is **granted** and Defendant's motion for relief under 28 U.S.C. § 2255 is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

   IT IS SO ORDERED.

                                        s/ Cameron McGowan Currie
                                        CAMERON McGOWAN CURRIE
                                        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 22, 2011